J. M. DAY *et al.*, *as Board of School District No. 8, Finney County*, v. N. HULPIEU.

**No. 308.**

SCHOOL DISTRICTS—*Removal of Schoolhouse—Report of Appraisers.* Where a school-district meeting, by a vote of less than two-thirds of the legal voters of the district, decided to change the site of the district schoolhouse, and appointed appraisers, under the provisions of section 69, chapter 63, General Statutes of 1897 (Gen. Stat. 1889, ¶ 5590), to determine whether the value of the schoolhouse exceeded or fell below $400, and where the report of the appraisers, the good faith of which was not impeached, fixed the value of the schoolhouse at less than $400, *held*, that the report of the appraisers was conclusive evidence as to the value of the schoolhouse, and that, upon the filing of such report, it became the duty of the district board to change the schoolhouse site, as directed by the district meeting.

Error from Finney district court; WM. EASTON HUTCHISON, judge. Opinion filed October 20, 1898. Reversed.

*H. F. Mason*, and *A. J. Hoskinson*, for plaintiffs in error.

*B. F. Stocks*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: In this action a temporary injunction was granted by the district judge of Finney county on the petition of the defendant in error, plaintiff below, restraining the plaintiffs in error from removing the schoolhouse in district No. 8 of that county to a new site. The district judge had granted a restraining order at the commencement of the action. At the hearing, both the plaintiff and the defendants introduced testimony and the petition was treated as an affidavit on behalf of the plaintiff. The record shows that at

the annual school meeting held on the 29th day of July, 1897, a proposition to change the schoolhouse site was carried by a vote of sixteen to eight. There were then forty-two qualified voters in the school district. The district meeting appointed the defendant in error and two other appraisers to determine the value of the schoolhouse, in conformity with the terms of section 69, chapter 63, General Statutes of 1897 (Gen. Stat. 1889, ¶ 5590). Defendant in error refused to join in the report of the appraisers, and the other two appraisers subsequently filed a report with the clerk of the district board, in which the schoolhouse was appraised at $125. The petition alleged that the schoolhouse was fairly worth the sum of $500 and that "there had been no appraisement of its value therefore as is required by law." The law referred to is section 68 of chapter 63, *supra*, which provides that where the value of a schoolhouse exceeds $400 its site shall not be changed except by a vote of at least two-thirds of the legal voters of the district in favor of the change.

The trial court permitted the plaintiff to introduce testimony concerning the value of the schoolhouse. We think such testimony was incompetent. The statute points out the proper kind of evidence to prove the value of a schoolhouse where the removal thereof is decided on by a district meeting ; that is, the report of the appraisers appointed by such meeting. Such a report was made in the present instance, and it appears as a part of the evidence in the record. Nothing was alleged or shown to impeach the good faith of the appraisers in respect to the appraisement and report. We think, therefore, that the order granting a temporary injunction is erroneous, because based on incompetent evidence, while the competent evidence in the record is sufficient to support a contrary order.

Defendant in error contends that the appraisement mentioned in the statute must precede the action of the district meeting in voting to change a schoolhouse site, and that, since in this case the appraisement was made after the district meeting was held, such appraisement, and the vote of the district meeting for removal, were void. No sufficient reason has been shown or discovered why this contention should be sustained. When a district meeting votes to change the site of the schoolhouse of such district, it then becomes the duty of the district board to act in conformity with such vote. If two-thirds of all the qualified voters in such district vote in favor of a change of site, no appraisement is necessary. If the vote be below that limit the change cannot be made by the district board until it is shown by the report of the appraisers that the value of the schoolhouse is less than $400. In the present case, upon the filing of the appraisers' report it became the duty of the district board to remove the schoolhouse to the new site, under the authority delegated to such board by the district meeting.

The order and judgment of the district court are reversed, and the case remanded for further proceedings in accordance with the views herein expressed.